Samuel Henderson (SBN: 279717)
henderson@hendersonconsumerlaw.com
2182 El Camino Real, Suite 202
Oceanside, CA, 92054
(760) 575-4594
(760) 688-3732

Attorney for Plaintiff,
Dione Petersen

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONE PETERSEN<br>　　　　　Plaintiff,<br><br>　vs.<br><br>HUNT AND HENRIQUES, a partnership,<br>CAPITAL ONE BANK (USA) N.A., and Does 1<br>through 10<br><br>　　　　　Defendants. | Civil Action No. 1:13-CV-01066-LJO-MJS<br>_____<br><br>FIRST AMENDED COMPLAINT<br><br>DEMAND FOR JURY TRIAL<br><br>(Unlawful Debt Collection Practices) |

**COMPLAINT**

**I.  INTRODUCTION**

1.     This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") and the California Rosenthal Fair Debt Collection Practices Act, Cal Civ. Code. § 1788,

*et seq.* (hereinafter "RFDCPA") that prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II.  JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d) in that Defendants transact business in this judicial district and the violations of the FDCPA and RFDCPA complained of occurred in this judicial district.

## III.  PARTIES

4. Plaintiff, Dione Petersen (hereinafter "Plaintiff"), is a natural person residing in this district.

5. Defendant Capital One Bank (USA) N.A. (hereinafter "Capital One") is a business entity engaged in the business of collecting debts in this state with its principal place of business located at 1680 Capital One Drive, McLean, VA 22102.

6. Defendant Hunt and Henriques (hereinafter "Hunt") is a business partnership with its principal place of business located at 151 Bernal Rd Suite 8, San Jose, CA 95119.

7. Defendant Hunt is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) and the RFDCPA, Cal. Civ. Code § 1788.2.

8. Defendant Capital One is a "debt collector" as defined by the RFDCPA, Cal. Civ. Code § 1788.2.

## IV.  FACTUAL ALLEGATIONS

9. On or around February 17, 2009 Capital One, through the law firm of Hunt, filed a debt collection lawsuit against Plaintiff with the identification of 09CECL02063.

10. Hunt filed a proof of service on or around April 24, 2009 alleging that Plaintiff was personally served on March 29, 2009.  This proof of service was false as Plaintiff was not served at this time or any other time.

11. In Hunt's request for default filing Hunt, through its agents, alleged that the request for default was mailed to Plaintiff but Plaintiff never received it.

12. Due to the false proof of service Hunt filed for and obtained a default judgment on June 24, 2009.

13. Plaintiff was not made aware of the lawsuit until on or about August 24, 2009 when she received an Abstract of Judgment.

14. Soon thereafter Hunt received a writ of execution and began to garnish Plaintiff's wages by having an Earnings Withdrawal Order issued and filed with Plaintiff's employer, Fresno Unified School District, where Plaintiff is a teacher.

15. On or around September 28, 2009 Plaintiff filed an ex parte request to set aside the default judgment. In the declaration supporting her motion, Plaintiff stated that she had not been served on March 29, 2009 as alleged or in any other way or manner. With her motion she filed a proof of service showing the mailing and faxing of her declaration along with the memorandum and other required paperwork to Hunt.

16. In a declaration of Corrisa Paris in the underlying case, an employee of Hunt, Ms. Paris states that she scheduled an attorney to appear at the ex parte motion set for September 29, 2009. Ms. Paris goes on to state that she received notice that the motion was continued until November 3, 2009 and she scheduled another attorney to appear at that hearing.

17. On the continued motion hearing on November 3, 2009, the Honorable Brian F. Alvarez, after hearing from Plaintiff, determined that Plaintiff had not been served and so set aside the default judgment. Judge Alvarez wrote out a minute order granting the motion and ordering money held by the levying officer to be returned. Judge Alvarez further wrote out a corrected minute order also clarifying that the writ of execution was to be returned.

18. Ms. Paris admits that she received notice from her appearance attorney that Plaintiff's motion had been successful but Ms. Paris failed to properly note it in Hunt's computer systems.

19.     Hunt's actions of filing a false proof of service and garnishing Plaintiff's wages resulted in substantial stress, anxiety, depression, headaches, and family discord.  As a result of the garnishments, Plaintiff was forced to borrow money from her parents in order to make ends meet.

20.     After the judgment was set aside, Plaintiff thought that the matter was resolved as no further action occurred until 2012.

21.     On information and belief, Britney Hanhauser, an employee of Hunt's, submitted a request for a writ of execution on or around July 17, 2012 along with submitting a memorandum of costs on or around July 23, 2012.  Both papers were false as they represented that there was a valid judgment in place when there wasn't one.  The memorandum of costs falsely stated that Plaintiff owed an amount that was incorrect as the memorandum added statutory judgment interest when no such judgment existed therefore no such interest could be added.

22.     In the memorandum of costs Ms. Hanhauser states that she mailed the memorandum of costs to Plaintiff but Plaintiff never received any such document.

23.     Hunt obtained a new writ of execution on or around August 8, 2013 and soon thereafter again garnished Plaintiff's wages, again issuing a withholder order to Fresno Unified School District.

24.     Plaintiff, again shocked by an unexpected and undeserved garnishment, obtained the services of Griselda Torres, Esq.  Ms. Torres quickly discovered that there was no valid judgment in place and was eventually able to stop the garnishing of Plaintiff's wages, but not till after one check was garnished for over a thousand dollars.

25.     This garnishment led to increased stress, anxiety, depression and headaches. Plaintiff once again was forced to borrow money from her parents in order to pay for the necessary living expenses of her family, including two young children.

26.     Donald Sherrill (hereinafter "Sherrill"), an attorney who works at Hunt, told Ms. Torres that Hunt and Capital One were going to continue the collection lawsuit.  Ms. Torres informed Mr. Sherrill that Plaintiff would have to be personally served in a conversation in mid to late September.

27. On or around October 17, 2012 Ms. Torres sent Hunt a letter that disputed their client's claim and requested verification per the FDCPA.

28. On or around October 27, 2012 Defendants allege that they attempted to serve Plaintiff at her home address and were told that the Plaintiff did not reside there. Plaintiff and her husband both reject that allegation. Defendants relied on this false allegation in attempting to avoid losing a motion to dismiss.

29. On January 21, 2013 Plaintiff's new attorney, current counsel, mailed a motion to dismiss based on the lack of service within three years of filing as required by Cal. Civ. Code § 583.210.

30. On February 4, 2013 Sherrill had Defendants' response to Plaintiff's motion to dismiss mailed to Plaintiff's counsel. In it, Sherrill alleged that Plaintiff had not provided information to prove that she had not been served in her 2009 motion to set aside. This is false as Plaintiff had mailed Hunt her declaration stating that she had not been served. Sherrill also argued that the court should not count the time between when the case was filed and when the judgment was overturned, an argument completely lacking in any textual or case law support.

31. On February 25, 2013 Defendants attempted to immediately dismiss their case without prejudice when Plaintiff's case was called. When asked for Plaintiff's response, Plaintiff's counsel offered the opinion that Defendants' request for dismissal was nothing more than an obvious attempt to avoid having to pay for Plaintiff's attorney's fees as a result of Cal. Civ. Code § 1717. Upon hearing this Judge Ikeda determined that the case would be dismissed with prejudice based on the lack of service.

32. Plaintiff has experienced increased stress, anxiety, sleeplessness, depression and headaches as a result of Defendants actions. Plaintiff has experienced shame and humiliation from having to borrow money from her parents to support her children at an age where she feels she should be beyond needing such help. Defendant's actions have caused marital discord due to the increased stress, including but not limited to, the fear of illegal garnishments and the effect it has on the Plaintiff's financial resources.

33.     In a review of credit reports as recently as January of 2013, Capital One is reported the alleged debt but is not reporting it as disputed.

## V.  FIRST CLAIM FOR RELIEF – FAIR DEBT COLLECTION PRACTICES ACT

### Against Defendant Hunt

34.     Plaintiff repeats and re-alleges and incorporates by reference paragraphs one through thirty-three above.

35.     Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

36.     Defendant Hunt is a "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

37.     Defendant Hunt is liable for the actions of its agents.

38.     The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

39.     Defendant Hunt violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

   a. Defendant Hunt violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692d and 1692f by garnishing Plaintiff's wages when they did not have a valid judgment.

   b. Defendant Hunt violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692d and 1692f by filing a writ of execution and a memorandum of costs that falsely represented that they had a valid judgment.

   c. Upon information and belief Defendant Hunt violated 15 U.S.C. § 1692e by filing papers that falsely stated Hunt had mailed certain documents to Plaintiff.

   d. Defendant Hunt violated 15 U.S.C. §1692e by misrepresenting facts in papers such as Hunt's allegation that Plaintiff had not provided evidence that Plaintiff had not been served.

40.     As a result, Plaintiff suffered damages.

## VI. SECOND CLAIM FOR RELIEF – ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

41. Plaintiff brings the second claim for relief against Defendant Capital One under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code § 1788 *et seq*.

42. Plaintiff repeats and re-alleges and incorporates by reference paragraphs one through forty above.

43. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal Civil Code § 1788.2(h).

44. Defendants Capital One is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

45. Upon information and belief, Defendant Capital One's actions were willful.

46. The financial obligation alleged to be owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

47. Defendant Capital One is vicariously liable for all the actions of their agents or employees done in pursuit of the goals of Capital One.

48. Defendant Capital One violated the RFDCPA. Defendant's violations include, but are not limit to, the following:

   a. Defendants Capital One violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. 1692e(8) by not reporting the alleged debt as disputed when reporting to the various credit reporting agencies.

49. As a result, Plaintiff suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

   b. An award of statutory damages of $1,000.00 against Defendant Hunt pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   c. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

7

FIRST AMENDED COMPLAINT

    d.  An award of statutory damages of $1,000.00 against Defendant Capital One pursuant to Cal. Civ. Code § 1788.30(b);

    e.  Actual damages according to proof;

    f.  An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

    f.  Award Plaintiff any other relief as may be just and proper.

### JURY DEMAND

Plaintiff demands trial by jury of all triable issues of fact in the above captioned case.

        /s/ Samuel Henderson
        Samuel Henderson
        Attorney for Plaintiff

Respectfully submitted,

Date:  July 23, 2013        /s/ Samuel Henderson
        Samuel Henderson
        Attorney for Plaintiff